# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TONY B. MATHIS,

    Plaintiff,

v.                                          Case No. 3:20-cv-528-MMH-JRK

CSX TRANSPORTATION, et al.,

    Defendants.

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated this action on May 27, 2020, by filing a Complaint for Employment Discrimination (Dkt. No. 1; Complaint) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2; Application). Upon review of the Complaint and Application, on June 3, 2020, the Honorable James R. Klindt, United States Magistrate Judge, entered an Order directing Plaintiff to file the long form of the Application and to file an amended complaint no later than July 17, 2020. See Order (Dkt. No. 4). In doing so, the Court advised Plaintiff of a number of deficiencies in his initial Complaint. See id. at 4-10. The Court also advised Plaintiff that as an alternative to filing the long form and an amended complaint, he could pay the filing fee by the July 17, 2020 deadline,

but nevertheless strongly encouraged Plaintiff to file an amended complaint given the deficiencies identified. See id. at 11.

On June 23, 2020, Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Dkt. No. 5; Long Form Application). However, Plaintiff did not file an amended complaint. On June 24, 2020, after reviewing the Long Form Application, Judge Klindt entered a Report and Recommendation (Dkt. No. 6; Report) in which he recommended that Plaintiff's Long Form Application be denied and that Plaintiff be required to pay the $400.00 filing fee. Plaintiff paid the filing fee on July 13, 2020, and as a result, on July 16, 2020, Judge Klindt withdrew the Report and denied the Long Form Application as moot. See Order (Dkt. No. 7).

After providing Plaintiff ample opportunity to effect service of process on Defendants, on September 8, 2020, this Court entered an Order directing Plaintiff to show cause by September 25, 2020, why this case should not be dismissed without prejudice for failure to prosecute. See Order to Show Cause (Dkt. No. 8; First Order to Show Cause). The Court cautioned Plaintiff that failure to respond to a Court order may result in the dismissal of his case without further notice. See id. While Plaintiff filed a response to the First Order to Show Cause, see Plaintiff's Response to Order to Show Cause (Dkt. No. 9), in his response Plaintiff failed to directly respond to the Court's inquiry (stating only "I've been diagnosed with anxiety and depression from these work

related actions against me. The medications I'm prescribed are listed in my medical records. Since the work related incidents I have had trouble with memory in some areas and understanding or comprehension."), and Plaintiff thereafter failed to make any attempt to effect service of process.

On March 30, 2021, almost a year after Plaintiff filed suit, Defendants filed a motion seeking dismissal of this action, in part, due to Plaintiff's failure to effect service of process. See Defendants' Motion to Dismiss Plaintiff's Complaint and Memorandum of Law (Dkt. No. 10; Motion to Dismiss). When Plaintiff failed to respond to the Motion to Dismiss and still had not effected service of process, this Court entered another Order directing Plaintiff to show cause by May 14, 2021, why his case should not be dismissed without prejudice for failure to prosecute in light of his failure to effect service of process and his failure to respond to the Motion to Dismiss. See Order to Show Cause (Dkt. No. 11; Second Order to Show Cause). In response to the Second Order to Show Cause, on May 10, 2021, Plaintiff filed a one paragraph letter stating that he thought the Court would serve his Complaint and that he is ready to proceed with his case. See Response to Motion (Dkt. No. 12; Response). Plaintiff made no attempt to explain his failure to respond to the Motion to Dismiss, and despite being the recipient of a second order to show cause why his case should not be dismissed for failure to accomplish service of process, Plaintiff failed to express any intention of attempting to do so. Notably, Plaintiff also failed to

request an extension of time to serve process on Defendants.

Pursuant to Rule 4(m), Federal Rules of Civil Procedure (Rule(s)), a plaintiff must serve all defendants within 90 days after the filing of the complaint. If the plaintiff fails to properly serve a defendant within 90 days,

> [T]he court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Id. A plaintiff can show good cause by indicating that "some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." See Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). If a plaintiff fails to show good cause, the Court still must "consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. After considering other circumstances, the Court may exercise its discretion to either dismiss the case or expand the time for service to be made. Id. One such circumstance the Court may consider even if the plaintiff does not show good cause is whether the statute of limitations would bar refiling of the action. See Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Fed. R. Civ. P. 4(m), advisory committee notes, 1993 Amendments).

Upon review of the Response and the record, the Court finds that Plaintiff has not shown good cause for his failure to serve Defendants or otherwise prosecute this action. Over a year has passed with Plaintiff making no effort to pursue his claims. Plaintiff has not effected service of process to date, has made no attempt to do so, has not requested additional time to do so, and has not filed a response to the Motion to Dismiss. The Court notes that a dismissal of this action at this time, even without prejudice, would effectively be a dismissal with prejudice because Plaintiff was required to file suit within 90 days of his receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f)(1). Because Plaintiff appears to have received his Right to Sue letter in 2020 before he initiated this action, his 90 day period has undeniably expired. Nevertheless, on the record here, the Court determines that dismissal is warranted. Although the Court did not specifically extend the time for Plaintiff to accomplish service of process, Plaintiff has effectively had over a year to do so. Twice he has been cautioned by the Court of the need to effect service of process and given an opportunity to show good cause for not doing so. On neither occasion did Plaintiff show good cause. More importantly, on neither occasion did Plaintiff even request an extension of time to comply with his service obligations. Moreover, when Defendants filed the motion seeking dismissal of the action in part for Plaintiff's failure to effect service of process, Plaintiff opted not to respond to the Motion

to Dismiss, and even after being given a second opportunity to do so in response to the Court's Second Order to Show Cause, Plaintiff still did not respond to the motion or attempt to show cause for having failed to do so in the first place. On this record, the Court declines to exercise its discretion to <u>sua</u> <u>sponte</u> grant Plaintiff additional time to serve process on Defendants now more than 13 months after he filed suit.

Based on Plaintiff's failure to effect service of process, to respond to the Motion to Dismiss, and to show cause on two occasions why this action should not be dismissed for his failure to prosecute, the undersigned concludes that Plaintiff has failed to prosecute this action and that dismissal is warranted recognizing that such dismissal will in effect be a dismissal with prejudice of the Title VII claim he attempts to assert in the Complaint.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiff's Complaint and Memorandum of Law (Dkt. No. 10) is **GRANTED**.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of the Court is directed to terminate any remaining deadlines or pending motions as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of June, 2021.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties